## Commonwealth v. Grimes

*William F. Beatty,* for petitioner; *George P. Murray,* for Commonwealth.

GRAY, J., February 18, 1933.—The operator's license of William D. Grimes was suspended as of September 29, 1932, by the Secretary of Revenue, and this appeal resulted. Testimony was taken on behalf of the Commonwealth and of the petitioner, and a brief was submitted by the petitioner. It appears that on September 2, 1932, petitioner was arrested by a highway patrolman and taken before a justice of the peace at Hopwood, Fayette County, and after hearing was fined $10 and costs, as we understand it, upon a charge of reckless driving. The fine and costs were paid.

The offense charged against petitioner was that he passed a truck and an automobile on their left-hand side on a curve at a point where he had a view of only 275 feet, passing the automobile and truck in the line of traffic coming in the opposite direction, and remaining on the left-hand side of the center of the highway for a distance of about 158 feet, in violation of the provisions of section 1008 (b) of the amendment to the Vehicle Code of June 22, 1931, P. L. 751. The secretary of the Department of Revenue set September 29, 1932, as the date for a hearing as to whether the operator's license of the petitioner should be revoked, and according to the testimony two registered letters notifying petitioner of the hearing were mailed to his adddress in the City of Pittsburgh. Neither of these notices was delivered to petitioner personally, but notice thereof was left in the mail box of the apartment house in which petitioner resided. He testified he had not received either of these notices or any other notice of the hearing, at which he was not present.

The Secretary of Revenue suspended petitioner's operator's license, we presume under section 615 (b) 2 of The Vehicle Code as amended by the Act of June 22, 1931, P. L. 751. There was no testimony that petitioner was incompetent to operate a motor vehicle, that he was habitually reckless or negligent, or that he had ever violated The Vehicle Code before in any respect, except the specific violation involved in this case for which he was fined, and we therefore presume that his operator's license was suspended because he had violated the specific portion of the motor vehicle laws of the Commonwealth herein designated.

We are satisfied petitioner violated The Vehicle Code in passing the truck and automobile on the inside of the curve, where he did not have the 300 feet of view required by the act of assembly. Fortunately no harm came to anyone as a result of this violation.

Under section 616 of The Vehicle Code as amended by the Act of June 22,1931, P. L. 751, on appeal to this court by one whose operator's license has been suspended, we have jurisdiction "to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit under the provisions of this act."

We are of the opinion petitioner was subject to suspension of his operator's license at the discretion of the Secretary of Revenue under paragraph (b)2 of section 615 of said act, but only after a hearing before the secretary or his representative. A hearing necessarily implies notice and opportunity to appear at the hearing, and the Secretary of Revenue undertook to give notice to petitioner but failed to do so. While there is testimony that the secretary's representative offered petitioner an opportunity for a hearing after he had been notified that his license had been suspended, as he is required to do under paragraph (h) of section 615 of said Act of June 22, 1931, when the petitioner has not appeared at the hearing, at this time petitioner had appealed to this court, and we are of the opinion that the offer of a second hearing was too late. It follows, therefore, that while petitioner would have been subject to suspension of his operator's license after a hearing at which he had an opportunity to appear, since notice of the hearing was not given him he was not subject to suspension of his operator's license under the provisions of the Act of 1931. The license was therefore improperly suspended.

### Order

And now, to wit, February 18, 1933, it is ordered and decreed that the action of the Secretary of Revenue of the Commonwealth of Pennsylvania in suspending the operator's license of petitioner is reversed, and it is ordered and decreed that the operator's license be restored to the petitioner, William D. Grimes.

From William J. Aiken, Pittsburgh, Pa.